Filed 1/23/15  P. v. Valencia CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B255191 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA041527) |
| v. | |
| EDWARD GILBERT VALENCIA III, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Bruce F. Marrs, Judge.  Affirmed.

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

Edward Gilbert Valencia III was found not guilty by reason of insanity of three counts of arson in violation of Penal Code[1] section 451, subdivision (b), and two counts of assault with a deadly weapon in violation of section 245, subdivision (a)(1).  Valencia was committed to California Department of Mental Health on June 22, 2001 and transferred from Metropolitan State Hospital to a community outpatient treatment facility in 2004.  In 2006, he was transferred to a nonresidential forensic community treatment.  On January 28, 2013, the trial court approved the revocation of Valencia's outpatient status, and Valencia was readmitted to Metropolitan State Hospital.  Valencia appealed the revocation of his outpatient status, and we affirmed.  (*People v. Valencia* (Sept. 23, 2014, B250598) [nonpub. opn.].)

On March 13, 2014, the department of state hospitals filed a report dated November 20, 2013, which concluded that Valencia "does not present a danger to the health and safety of himself or others," and "continued treatment at Metropolitan State Hospital is not recommended at this time as he is ready for community outpatient treatment in a less restrictive environment."  Also filed March 13, 2014 was a February 13, 2014 report from the community program director of the Gateways CONREP (Conditional Release Program) Administration.  The report concluded that Valencia continued to overestimate his level of functioning and his psychiatric stability, but underestimated his high-risk behaviors and his potential for future dangerousness, and "Mr. Valencia remains a danger to the health and safety of others and as such, should be retained and treated at the state hospital."  (Underline and boldface omitted.)

Valencia was present at the hearing on March 13, 2014.  The parties submitted on the reports and argued the matter.  The trial court noted that the reports gave conflicting recommendations, and ordered Valencia to continue to be confined and treated at Metropolitan State Hospital.

Valencia filed this timely appeal.  We appointed counsel to represent him, and after examining the record, counsel filed an opening brief raising no issues and asking

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

this court to independently review the record. On November 20, 2014, we advised Valencia he had 30 days in which to personally submit any contentions or issues he wished us to consider. To date, we have received no response.

Section 1603, subdivisions (a) (1) and (2), provides that any person found not guilty by reason of insanity of a charge enumerated in section 1601, including section 451, subdivision (a) (arson) may be placed on outpatient status if the director of the state hospital advises the court that the defendant would no longer be a danger to himself and others and would benefit from outpatient status, *and* if the director of the community program also advises the court that the defendant will benefit from that status. As the court noted, the community program director advised the court to the contrary, and so the second condition was not satisfied.

We have examined the entire record and are satisfied that Valencia's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


BENDIX, J.*


---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3